IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES E. JEFFERSON                                                            PLAINTIFF

           v.                        CIVIL NO. 17-2146

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, James E. Jefferson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on June 15, 2015, alleging an inability to work since June 12, 2015, due to high blood pressure, type 2 diabetes, chronic sleep apnea, chronic renal failure and mental retardation. (Tr. 89, 179). An administrative hearing was held on May 12, 2016, at which Plaintiff appeared with counsel and testified. (Tr. 36-87).

By written decision dated May 30, 2017, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: osteoarthritis/degenerative disc disease of the lumbar spine status post-recent transforaminal discectomy at L4-5; diabetes mellitus type two; obesity; obstructive sleep apnea; mild left

1

ventricular hypertrophy; hypertension; and an adjustment disorder with depressed mood. However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(c) except the claimant is limited to occasionally climbing ramps or stairs and never climbing ladders, ropes, or scaffolds. The claimant is limited to occasionally balancing, stooping, kneeling, crouching and crawling. The claimant must avoid all exposure to hazards, which means no work around unprotected heights, unprotected moving machinery and no driving as part of work. The claimant is capable of work where interpersonal contact is incidental(sic) the work performed, the complexity of tasks is learned and performed by rote, with few variables and little use of judgment, and the supervision required to be simple, direct and concrete.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform work an addresser, a stuffer, and an ampoule sealer. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence, denied that request on July 18, 2017. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs.16, 17).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

2

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 22nd day of August 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE